## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| **DELORES WALDO, individually and as the** ) | |
| **Personal Representative of the Estate of James** ) | |
| **Anhony** ) | |
| **5623 B Street  S.E.** ) | **Case No.:** |
| **Washington D.C. 20020** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **THE DISTRICT OF COLUMBIA** ) | |
| ) | |
| **SERVE:     Hon. Muriel Bowser, Mayor** ) | |
| **John A. Wilson Building** ) | |
| **1350 Pennsylvania Avenue, N.W.,** ) | |
| **Washington D.C. 20004** ) | |
| ) | |
| **Karl A. Racine** ) | |
| **Attorney General, D.C.** ) | |
| **441 4th Street, N.W.,** ) | |
| **Washington D.C. 20001** ) | |
| ) | |
| **John Doe Correctional Officer** ) | |
| ) | |
| **Defendants.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

## COMPLAINT

COMES NOW, Plaintiff, Delores Waldo, individually and as personal representativ, by and through her attorney, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and states the following:

## PRELIMINARY STATEMENT

1.  The Plaintiff, Delores Waldo individually and as Personal Representative of the Estate of James Anthony, by and through counsel, hereby brings this action for damages

arising from the death of James Anthony ("plaintiff's Decedent"). Plaintiffs state that the Defendants individually and collectively demonstrated, through their agents, a deliberate indifference by refusing to provide adequate treatment, care, evaluation and protection to plaintiff's decedent and the defendant knowingly disregarded the clearly identifiable and known risk that plaintiff exhibited by way of specific symptomology which indicated that he was likely to commit suicide, if given the opportunity. These deliberate acts and omissions resulted in plaintiff's decedent being subjected to physical and mental pain and suffering and ultimately death, in violation of the protections guaranteed by the Fifth and Eighth Amendments to the United States Constitution and violations of the common law. In support thereof, plaintiff states as follows:

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fifth and Eighth Amendments to the United States Constitution. This Court has jurisdiction over the Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation). This Court has further jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) because those claims form part of the same case and controversy.

## PARTIES

3.   At all times relevant hereto, plaintiff's decedent, James Anthony was detained and incarcerated under the care and custody of the District of Columbia Metropolitan Police Department and it's Department of Corrections.

4.  Plaintiff Delores Waldo is an adult citizen of the District of Columbia and the sister of the decedent, James Anthony. She brings a claim against the Defendants individually and as the personal representative of the Estate of James Anthony.

5.  Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States.

6.  Defendant John Doe, is a correctional officer on the staff of the District of Columbia Correctional Department and was responsible for the care and supervision of the decedent James Anthony.

## STATEMENT OF RELEVANT FACTS

7.  Plaintiff's decedent suffered from mental illness and was suffering from the same on the date of his incarceration within the District of Columbia Detention Center. In fact, at the time of his arrest on or about January 21, 2017, the plaintiff's decedent was noticeably under the influence of his mental defect.

8.  Plaintiff's decedent had clearly and persistently exhibited signs of distress throughout the night of his detention, none of the personnel at District of Columbia Detention Center properly monitored plaintiff's decedent.

9.  Because he was not provided with the necessary care and treatment of any kind, and because he was not appropriately monitored after exhibiting signs of suicidal ideation, plaintiff's decedent did in fact suffer a horrible death by way of a self-inflicted hanging on January 21, 2019.

10. At all times relevant herein, the Defendant District of Columbia was responsible for the actions taken by the employees of the District of Columbia Detention Center relative to the plaintiff's decedent.

11. At all times herein, Defendant John Doe was a correctional officer and employee of the District of Columbia Detention Center, responsible for the care and supervision of decedent James Anthony.

## Count I
### (Survival Action)

12. On or about January 21, 2017 at approximately 12:00 pm, plaintiff's decedent was found hanging in his cell having hung himself. Said incident was later ruled a suicide by the medical examiner.

13. Delores Waldo, the Personal Representative of the Estate of James Antony brings this survival action on behalf of the Estate.

14. At all times relevant hereto, the Defendants had a duty to assure that the persons detained at the District of Columbia Detention Center generally, and in particular James Anthony, were safe and secure; that they did not pose a danger to themselves or others; and that they were provided with reasonable mental health screening and evaluation and proper medical care.

15. The aforementioned suicide was the direct and proximate result of the negligence of the above-named defendant, agents, servants and/or employees, generally in the failure to properly hire, train and supervise employees of the detention facility; failure to control potential weapons; failure to properly supervise and control inmates in said facility; failure to properly monitor movements and activities of said inmates; failure to properly classify and house inmates under its care, custody and control; failure to fulfill its statutory duty to provide safekeeping, care, protection to all persons committed to the facility; and failure to follow normal and accepted penological and/or medical practices and procedures; and in particular, in its failure to properly monitor, assess, evaluate and

treat the mental condition of plaintiff's decedent; and their failure to promptly intervene in decedent's act of self-inflicted injurious behavior.

16. As a direct and proximate result of the above-stated negligence of the defendants, plaintiff's decedent sustained grievous injury and was pronounced dead later on January 21, 2017.

17. This plaintiff's decedent suffered the loss of the enjoyment of life and was prevented from participating in life's pleasurable, social, spiritual and recreational activities. He endured severe conscious pain and suffering of body and mind prior to his untimely death and incurred resulting funeral expenses.

WHEREFORE, these premises considered, Plaintiff, as Personal Representative of the Estate of James Anthony, demands judgment from and against Defendants District of Columbia and Correctional Officer John Doe in the sum of $5,000,000.00, plus interest and the costs of this action, and such other and further relief as this Court may deem just and proper.

### Count II
### (Wrongful Death)

18. Plaintiff, Delores Waldo, the Personal Representative of the Estate of James Anthony, incorporates herein by reference all allegations set forth in Paragraph 1 - 17 of this Complaint and pleads further:

19. Defendants owed plaintiff's decedent a duty to use reasonable care in the referral and provision of medical care and in protecting plaintiff's decedent by appropriate monitoring and supervision.

20. By failing to use reasonable care, failing to provide plaintiff's decedent with adequate medical treatment and evaluation, failing to protect plaintiff's decedent from

identifiable and known risks of harm, the Defendants negligently and with deliberate indifference, breached the duties owed to plaintiff's decedent.

21. As a direct and proximate result of Defendant's deliberate indifference and negligent breach of the duties owed plaintiff's decedent died a horrible death by a self-inflicted hanging.

WHEREFORE, these premises considered, Plaintiff demands judgment against Defendants in the amount of $5,000,000.00, plus interest and the cost of this action and such other and further relief as this court may deem just and proper.

### Count III
### (Denial of Medical Care)

22. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 21 of the Complaint with the same effect as if fully set forth herein.

23. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States, in particular, but not limited to, the Fifth and Eighth Amendments thereto. The above-described acts and omissions of the Defendants, including their failure to timely and fully assess plaintiff's decedent's mental health by way of psychiatric evaluation and/or related measures, constituted deliberate indifference to James Anthony's obvious and serious medical needs in violation of the rights guaranteed him by the Fifth Amendment to the United States Constitution.

24. In failing to properly assess, evaluate and otherwise treat plaintiff's decedent as alleged herein, the Defendant violated plaintiff's decedent's Constitutional rights by: maintaining a policy, custom pattern and practice of failing to provide detainees with adequate medical diagnosis and treatment; maintaining a policy, custom pattern and practice of failing to train correctional officials to provide detainees such as plaintiff's

decedent with adequate medical and mental health screening and evaluation and follow-up; and the participation in the denial of adequate medical care by one or more decision makers.

25. As a direct and proximate result of the acts, omissions and Constitutional violations alleged above, plaintiff's decedent, prior to his death, suffered severe physical pain, mental anguish, fear, emotional distress, bodily injury and subsequent eventual death.

WHEREFORE, these premises considered, Plaintiffs demand judgment against the Defendants in the amount of $5,000,000.00, plus interest and the cost of the action and such other and further relief as this Court may deem just and proper.

## Count IV
### (Denial of Protection from Harm)

26. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 25 of the Complaint with the same effect as if fully set forth herein.

27. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Constitution of the United States, in particular, but not limited to, the Fifth and Eighth Amendments thereto.

28. The above-described acts and omissions of the Defendants, including their failure to timely and fully assess decedent's mental health by way of psychiatric evaluation and/or related measures constituted deliberate indifference to James Anthony's Constitutional right to be free from a substantial risk of harm, including, but not limited to, being protected from clearly identifiable and known risks that decedent was mentally unstable and in need of psychiatric evaluation and treatment in violation of his rights guaranteed by the Fifth and Eighth Amendments to the Constitution.

29. In failing to properly refer, assess, evaluate and otherwise treat plaintiff's decedent as alleged herein, the Defendant violated the decedent's Constitutional rights by maintaining a policy, custom pattern and practice of failing to provide detainees, and in particular, James Anthony with protection from clearly identified and known risks of suicide; by providing woefully inadequate medical and nonexistent psychiatric care to plaintiff's decedent; by failing to properly and timely follow-up on psychiatric referrals and evaluations; by failing to diagnose and treat decedent's symptomology which indicated that he was mentally ill and warranted a psychiatric evaluation and treatment; and otherwise acting with deliberate indifference to the serious medical needs of this inmate, in violation of the Constitution.

30. Plaintiff further alleges that the Defendants violated the decedent's Constitutional rights by maintaining a policy, custom pattern and practice of failing to train station officials and medical providers to provide detainees, and in particular, James Anthony, with adequate protection from harm from clearly identifiable and known risks of suicide attempts; and the participation in the failure to provide adequate protection from harm of the Defendant.

31. As a direct and proximate result of the acts, omissions and Constitutional violations alleged above, plaintiff's decedent, prior to his death, suffered severe physical pain, mental anguish, fear, emotional distress, bodily injury and subsequent eventual death.

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendants in the amount of $5,000,000.00, plus interest and the cost of this action and such other and further relief as this Court may deem just and proper.

## Count V
### (Negligence)

32. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 31 of the Complaint with the same effect as if fully set forth herein.

33. At all time relevant herein, the Defendants had a duty to provide proper care and treatment to individuals that are taken into custody for alleged criminal offenses.

34. In failing to properly monitor decedent when brought into the facility while he was mentally ill, the Defendant breached their duty of care to the Decedent.

35. As a direct and proximate result of the acts and omissions of the Defendants, the plaintiff's decedent suffered a horrible death by self-inflicted hanging.

WHEREFORE, these premises considered, the Plaintiff demands judgment against the Defendants in the amount of $5,000,000.00, plus interest and the cost of this action and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.


/s/ Brian K. McDaniel
Brian K. McDaniel
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004